IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JERRY O. RODRIGUEZ-REYES
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 14-1406CCC
(Related Crim. 06-0299-08CCC)

**OPINION AND ORDER**

Before the Court is the Motion under 28 U.S.C. § 2255 filed by Petitioner Jerry O. Rodríguez-Reyes (hereinafter Petitioner or Rodríguez-Reyes) (**d.e. 1**). Petitioner, a prisoner appearing pro se, also filed a Memorandum in Support (d.e. 1-1). The Government's Response (d.e. 3) For the reasons discussed below, the Court finds the Motion as well as the Supplemental Petition must be **DENIED**.

**I.   BACKGROUND**

Petitioner Rodríguez-Reyes was charged along with twenty-five (25) other co-defendants in a four-count Superseding Indictment (d.e. 15 in Cr. 06-299CCC). Petitioner was charged in counts one (1) and two (2).

Count One (1) charged: From in or about late 2003, and continuing up to the date of this Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [8] Jerry O. Rodríguez-Reyes, a/k/a "Quiri" and twenty five (25) other co defendants, the defendants herein, along with other unindicted co-conspirators to the Grand Jury known and unknown, did knowingly and intentionally conspire, combine, confederate, and agree together and with each other and with other persons, to commit an offense against the United States, that is, to possess with intent to distribute, and distribute

narcotic controlled substances, to wit: five (5) kilograms or more of cocaine, and fifty (50) grams or more of cocaine base ("crack"), both Schedule II Narcotic Drug Controlled Substances, and one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, and marijuana and a mixture or substance containing a detectable amount of marijuana, both Schedule I Narcotic Controlled Substances, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, Nemesio R. Canales Housing Project and of public elementary and secondary schools, that is, Nemesio R. Canales School Number 1 and the Nemesio R. Canales School Number 2, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A) and 860 (d.e. 15 at pages 2-3 in Cr. 06-299CCC).

Count Two (2) charged: From on or about late 2003, and continuing up to the date of this Superseding Indictment, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this Court, [8] Jerry O. Rodríguez-Reyes, a/k/a "Quiri" and twelve (12) additional co defendants, the defendants herein, along with other unindicted co-conspirators to the Grand Jury known and unknown, did knowingly, intentionally, and unlawfully conspire, combine, confederate, and agree together and with each other and with other persons, to commit an offense against the United States, that is, to knowingly, willfully, intentionally, and unlawfully, possess, use, brandish, or carry firearms, as that term is defined in Section 921(a)(3) of Title 18, United States Code, in furtherance of, or during and in relation to a drug trafficking crime, as that term is defined in Section 924(c)(2) of Title 18, United States Code, to wit: conspiracy to possess with intent to distribute and distribute narcotic controlled

CIVIL 14-1406CCC 3
(Related Crim. 06-0299-08CCC)

substances, an offense which can be prosecuted in a court of the United States as a violation to Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and (b)(1)(c), and 860, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 924(o) (d.e. 15 at pages 16-17 in Cr. 06-299CCC).

On July 12, 2008, Petitioner's court appointed counsel, Luz Ríos, file a Second Motion to Withdraw as Attorney[1] (d.e. 702 in Cr. 06-299CCC). On August 1, 2008, Petitioner filed, pro se, a Motion to Appoint New Counsel[2] (d.e. 732 in Cr. 06-299CCC). On August 12, 2008, the Court appointed counsel Guzmán-Dupont as Petitioner's new CJA attorney (d.e. 748 in Cr. 06-299CCC). On January 20, 2009, counsel Guzmán-Dupont filed a Motion to Withdraw as Attorney of Record for Defendant[3] (d.e. 831 in Cr. 06-299CCC).

On February 10, 2009, Rodríguez-Reyes filed, pro se, a Motion to Appoint New Counsel (d.e. 848 in Cr. 06-299CCC). The Court notes that this second motion for new counsel is exactly the same as the one which he had previously filed requesting attorney Ríos be substituted. The only variance is the time he has been incarcerated and the name of the attorney he wishes to change. Once again Petitioner makes a non-specific claim that his attorney

---

[1] Attorney Luz Ríos informed the court that Rodríguez-Reyes did not want her as his attorney and rejected the plea offer which she conveyed to him. Petitioner insisted to counsel Ríos that a jail house lawyer had advised him that he could get a better plea offer than the one conveyed by counsel Ríos (d.e. 702 at p. 1).

[2] Rodríguez-Reyes stated that he believed counsel Ríos was acting more like an attorney for the government than his lawyer and that she had not complied with numerous, unspecified, request, he had made (d.e. 732 at p. 1 in Cr. 06-299CCC).

[3] Counsel informed the Court that Petitioner was not satisfied with his representation and that he wanted another lawyer to represent him (d.e. 831 at p. 1 in Cr. 06-299CCC).

this time, Guzmán-Dupont, had not complied with the countless requests he had made (d.e. 848 at p. 1 in Cr. 06-299CCC).

On February 13, 2009, the Court issued an order in which it denied both counsel Guzmán-Dupont's request to withdraw and Petitioner's request for appointment of counsel (d.e. 852 in Cr. 06-299CCC).

On April 26, 2009, Petitioner filed a Motion in Limine (d.e. 910 in Cr. 06-299CCC) requesting to exclude at trial photos of the alleged murder victims of Rodríguez-Reyes and other conspirators which was DENIED on May 4, 2009.

On July 30, 2009, the government filed its Informative Motion in Compliance with Giglio and Brady Requirements (d.e. 1010 in Cr. 06-299CCC). The United States informed that it had become aware that certain perjured testimony before the grand jury had occurred and that based in part on said perjured testimony the grand jury had returned the First Superseding Indictment. It advised that after a thorough review of the matter it had been determined that a new superseding indictment should be obtained, this with use of new evidence not tainted or compromised by any perjured testimony (d.e. 1010 at pp. 7-10 in Cr. 06-299CCC).

On September 9, 2009, Petitioner filed a Motion to Dismiss Indictment (d.e. 1053 in Cr. 06-299CCC). On September 10, 2009, a Second Superseding indictment was filed (d.e. 1060 in Cr. 06-299CCC). The Second Superseding Indictment charged the same two counts as the previously filed Superseding Indictment, and alleged the same time span as the First Superseding Indictment. What varied was the defendants charged as well as some of the overt acts. In the Second Superseding Indictment there were eight

(8) co defendants charged instead of the twenty five (25) of the First Superseding Indictment (d.e. 1060 in Cr. 06-229(CCC)). The Court notes that of the First Superseding Indictment various defendants had already plead guilty and as to others the government had requested their dismissal.

On October 21, 2009, the government filed an Amended Notice of Intent to Introduce Evidence in Relation to Drug Related Murders (d.e. 1087 in Cr. 06-299CCC). Once again Petitioner was put on notice of the government's intent to introduce at trial evidence of his participation in a murder. The trial began on November 9, 2009 (d.e. 1124 in Cr. 06-299CCC). On said date jury selection was completed and the jury was sworn in. Defendant was tried together with three (3) other defendants. On April 26, 2010, preliminary instructions were given to the jury and the government began its presentation of evidence.

On June 11, 2010, on the twenty ninth (29) day of trial, the jury reached a verdict. Petitioner as well as his co defendants were found guilty as to both counts of the Second Superseding Indictment (d.e. 1327 in Cr. 06-299CCC).

On August 4, 2010, Petitioner, pro se, filed a Motion for Judgment of Acquittal[4] (d.e. 1354 in Cr. 06-299CCC).

On October 5, 2010, Rodríguez-Reyes' Pre Sentence Report was submitted (d.e. 1369 in Cr. 06-299CCC). Petitioner filed a Sentencing Memorandum[5] (d.e. 1371 in Cr. 06-299CCC). On December 7, 2010,

---

[4] Rodríguez-Reyes alleged that the Second Superseding Indictment on which he was tried and convicted was obtained using false and tainted testimony before the grand jury. Petitioner further claimed prosecutorial misconduct as to the use of perjured testimony and in his prosecution (d.e. 1354 in Cr. 06-299CCC).

[5] Rodríguez-Reyes objected to the recommended sentence of life imprisonment (d.e. 1371 at p. 6 in Cr. 06-299CCC).

Rodríguez-Reyes' Sentencing Hearing was held. He was sentenced to a term of life imprisonment as to Count One and a term of imprisonment of ten (10) years as to Count Two of the Second Superseding Indictment, to be served consecutively to each other. A Supervised Release Term of ten (10) years as to Count One and a term of five (5) years as to Count Two were imposed, to be served concurrently. A Special Monetary Assessment of two hundred (200) dollars was imposed (d.e. 1398 in Cr. 06-299CCC).

On December 15, 2010, Judgment was entered (d.e. 1407) and on that same date Petitioner, through counsel, filed a Notice of Appeal (d.e. 1409 in Cr. 06-299CCC). On April 11, 2013, the First Circuit Court of Appeals issued its Opinion and Order affirming Rodríguez-Reyes' conviction and sentence. United States v. Rodríguez-Reyes, 714 F.3d 1 (1st Cir. 2013). On October 7, 2013, the Supreme Court denied his Petition for Certiorari. Rodríguez-Reyes v. United States, 134 S.Ct. 259 (2013).

On May 8, 2014, Rodríguez-Reyes timely signed and certified the placement of his 2255 Petition in the prison mailing system.

## II.	DISCUSSION

Rodríguez-Reyes raises the following allegations of ineffective assistance of counsel:

1.	Both trial and appellate counsel were ineffective for failing to challenge the murder cross reference used to sentence him to a term of life imprisonment.

2.	Both trial and appellate counsel were ineffective for failure to request a psychological examination prior to trial.

>   3.  Both trial and appellate counsel were ineffective for failing to move for a judgment of acquittal as to his conviction of Title 18, <u>United States Code</u>, Section 924(c).

In addition, Rodríguez-Reyes raised the following challenges:

>   4.  The United States committed prosecutorial misconduct by purposely using false evidence against him at the grand jury stage. Appellate counsel was ineffective for his failure to raise this claim on appeal.
>
>   5.  Petitioner's life sentence was constitutionally unreasonable and violated his Eighth Amendment right against cruel and unusual punishment.

**A.   28 U.S.C. § 2255 Standards and Exhaustion Requirements**

Title 28 U.S.C. § 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

>   1.  the sentence was imposed in violation of the Constitution or laws of the United States . . .
>
>   2.  the court was without jurisdiction to impose the sentence
>
>   3.  The sentence was in excess of the maximum authorized by law  or . . .
>
>   4.  The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is settled law that claims that have been previously decided on direct appeal are barred from being revisited through collateral proceedings. Withrow v. Williams, 507 U.S. 680 (1983). Claims that have been previously addressed on direct review may not be re-adjudicated collaterally under section 2255 absent equitable considerations, such as, innocence or cause and prejudice. Berthoff v. United States, 308 F.3d 124 (1st Cir. 2002). Rodríguez-Reyes is foreclosed from presenting any claims regarding his sentence and the term of imprisonment imposed since the same were already raised on appeal and the First Circuit upheld the same.

On appeal petitioner challenged, as he does now in his 2255 Petition, the application of the murder cross reference section 2A1.1 of the Sentencing Guidelines. In its analysis of the issue the First Circuit Court stated in Rodríguez-Reyes v. U.S., 714 F.3d 1, 16 (2013):

> The court correctly found Rodríguez had helped to plan and execute the Agustin murder; indeed, the evidence at trial showed that Rodríguez was part of the group that decided to murder Agustin and that Rodríguez was the one who ultimately shot Agustin in the head. That finding alone would support the application of the first degree murder cross-reference . . . .
>
> Further, the district court also would have been entitled to rely on the unchallenged finding in the PSR that Rodríguez participated in the triple murder at the Llorens Torres drug point.
>
> To the extent that Rodríguez challenges the substantive reasonableness of the district court's sentence, there was no error.
>
> Given the district court's findings about the violent nature of the drug conspiracy and Rodríguez's participation in at least one murder, it was not unreasonable for the district court to weigh the need for punishment and deterrence over the potentially mitigating effects of Rodríguez's personal background.

There is no doubt that the issue of the murder cross reference, its applicability to Rodríguez-Reyes and whether it was an unduly harsh

punishment was raised by appellate counsel as part of his appeal. The Circuit's ruling on the matter is clear. Rodríguez-Reyes has made no claim of actual innocence nor has he made a showing of cause and prejudice. Petitioner is, therefore, precluded from raising issues one (1) and five (5) as part of his 2255 petition.

The Court will consider the remaining allegations raised by Rodríguez-Reyes.

### B. Claim of Ineffective Assistance of Counsel

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel Rivera-Donate must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996); Darden v. Wainwright, 477 U.S. 168 (1986); Lockhart v. Fretwell, 506 U.S. 364 (1993).

Petitioner bears a "very heavy burden" in his attempt to have his sentence vacated premised on an ineffective assistance of counsel claim. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). Even more so under Strickland standard, "only where, given facts known at the time, counsel's choice was so

patently unreasonable that no competent attorney would have made it." United States v. Rodríguez, 675 F.3d 48, 56 (1st Cir. 2012) (quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010), which in turn quotes Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)).

In order to successfully satisfy the first prong of the Strickland test, petitioner must show that "in light of all the circumstances, the identified acts or omissions [allegedly made by his counsel] were outside the wide range of professionally competent assistance." Tejada v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (quoting Strickland, 466 US. at 690). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland at 689). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 689).

The second prong of the Strickland test, the element of prejudice, also sets the bar high. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 691). Petitioner must "prove that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (citing Strickland, 466 U.S. at 687).

This means that if petitioner is successful in showing deficiencies in his counsel's representation, he must then conclusively establish that those

deficiencies led to a real prejudice against him in the criminal proceedings. Id. at 694. Petitioner has failed to meet the Strickland standard in all of his claims.

> **1.   Ineffective assistance of counsel - Both trial and appellate counsel were ineffective for failing to request a psychological examination of Petitioner prior to trial.**

Rodríguez-Reyes alleged that prior to trial he informed his counsel that he suffered from mental illness since childhood and that he was not capable of making sound decisions regarding his legal situation. He further claimed that he asked his attorney to interview his family members as to his lack of mental competence and was ignored. (d.e. 1-1 at p. 10).

Petitioner has submitted no further information on this claim. There are no corroborating documents attesting to his mental illness, no sworn statement by petitioner or his family members. There is only a bare allegation that due to an alleged mental illness he was unable to make sound decisions regarding his case.

Supreme Court precedent has long made clear that "[a] criminal defendant may not be tried unless he is competent, and he may not . . . plead guilty unless he does so 'competently and intelligently.'" United States v. Kennedy, 756 F3d 36, 43 (1st Cir. 2014) (quoting Godinez v. Moran, 509 U.S. 389, 396 (1993)). "This requirement has a modest aim: It seeks to ensure that [the defendant] has the capacity to understand the proceedings and to assist counsel." Id. (quoting Godinez, 509 U.S. at 402).

In order to safeguard this constitutional to a criminal defendant, a court must, on either the party's motion or *sua sponte*, order a competency hearing "if there is reasonable cause to believe that the defendant may presently be

suffering from a mental disease or defect rendering him mentally incompetent o the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. (quoting Title 18, United States Code, Section 4241(a)).

The record in this case contradicts Petitioner's claim.

The case file reflects a defendant who was well aware of the happenings in his case, actively participating in his defense and requesting particular actions be taken by his attorney. The record also reflects that on two separate occasions he filed pro se motions with the Court requesting new counsel (d.e. 732 and d.e. 848 in Cr. 06-299CCC). In the second request to withdraw as counsel filed by attorney Ríos (d.e. 702 in Cr. 06-299CCC) counsel specifically informed that Rodríguez-Reyes was unsatisfied with the plea deal she had negotiated on his behalf, for he had consulted his case with a jail house attorney who informed him he could get a better deal than the one she brought forth (d.e. 702 at p. 1 in Cr. 06-299CCC). Clearly not a sign of a defendant who was unaware of the developments in his case and unable to participate in the same. Subsequent to those filings, Rodríguez-Reyes filed pro se a Motion for Judgment of Acquittal (d.e. 1354 in Cr. 06-299CCC). He also filed a pro se Notice of Appeal (d.e. 1406 in Cr. 06-299CCC). These filings indicate that he was well aware of the events that were happening in his case and that he actively participated.

The mere fact that Rodríguez-Reyes may have some form of mild mental defect (as expressed by Petitioner in his PSR interview, d.e. 1368 in Cr. 06-299CCC) does not render him mentally incompetent. "A defendant may have serious mental illness while still being able to understand the proceedings

and rationally assist his counsel." United States v. Widi, 684 F.3d 216, 221 (1st Cir. 2012).

Under the Strickland standard, Rodríguez-Reyes would have to first establish that the failure to request a mental competency evaluation constituted ineffective assistance of counsel. In order to do so he had to raise evidence on the record that would lead this Court to conclude that a reasonable attorney, knowing what his attorney knew at that time, would have chosen to make such a request. A review of the record portrays defendant as informed, active in his defense and one who would question his attorney's calls on the issues. Thus, Petitioner's claim of ineffective assistance of trial counsel for failure to request a mental examination is **DENIED**.

As to the allegation that Rodríguez-Reyes' appellate counsel was ineffective for his failure to raise this same issue on appeal, the same is meritless. Claims of ineffective assistance of appellate counsel are measured under the Strickland standard. Evitts v. Lucey, 469 U.S. 387 (1985). Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259 at page 288 (2000). To overcome the presumption of competence of appellate counsel, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Rodríguez-Reyes has not made such a showing. Petitioner's second allegation of ineffective assistance of counsel as

CIVIL 14-1406CCC                              14
(Related Crim. 06-0299-08CCC)

to his trial and appellate counsel for failure to request a psychological examination is **DENIED**.

 **2. Ineffective assistance of counsel - Trial and appellate counsel were ineffective in their failure to move for a judgment of acquittal as to Petitioner's conviction of Title 18, United States Code, Section 924(c)**.

Rodríguez-Reyes contends that the record reflects that the trial evidence failed to establish that he had knowledge of a weapon being used. He claims he was wrongfully convicted on the section 924(c) charge and that his trial counsel was ineffective for failing to argue his acquittal on said charge. He further contends that his appellate counsel was ineffective in failing to raise this issue.

Rodríguez-Reyes has misread the trial record. The evidence presented at trial was as to the numerous use of weapons and that defendants, including petitioner, carried and used weapons as part of their drug trafficking activities. A review of the First Circuit Court's opinion leaves no doubt as to this:

> There was extensive testimony that Mendez, Gonzalez, and Rodriguez each discharged firearms with the purpose of protecting La Recta from threats to their business and/or expanding their drug operations. United States v. Rodriguez-Reyes, 714 F.3d 1, 8 (2013).
>
> . . . the court correctly found that Rodriguez had helped to plan and execute the Agustin murder; indeed, the evidence at trial showed that Rodriguez was part of the group that decided to murder Agustin and that Rodriguez was the one who ultimately shot Agustin in the head. Rodriguez-Reyes, 714 F.3d 16.
>
> . . . Rodriguez-Reyes participated in the triple murder at the Llorens Torres drug point. Id.

Not only did the evidence establish that he was well aware that there were weapons being carried and used in relation to the drug operation but also that he carried a weapon, shot and killed at least one person. This evidence would

render any argument for judgment of acquittal of section 924(c) meritless. As such there can be no valid claim of ineffective assistance of counsel as to his trial or his appellate counsel. Having established that the argument in support of a judgment of acquittal on the section 924(c) charge has no evidentiary support, there can be no valid claim of ineffective assistance of counsel. Accordingly, the same is **DENIED**.

The final argument before the Court is Petitioner's allegation of prosecutorial misconduct.

3. **The United States committed prosecutorial misconduct by purposely using false evidence against Petitioner at the grand jury stage. Appellate counsel was ineffective for his failure to raise this claim on appeal.**

Rodríguez-Reyes claims that the government knowingly used false testimony before the grand jury in order to obtain an indictment against him, hence the prosecutorial misconduct. He correctly alludes to docket entry 1010 in Cr. 06-299CCC as stating that such evidence was presented.

A review of the government's motion entitled Motion in Compliance with Brady and Giglio Requirements, filed on July 30, 2009, informed the Court that the prosecutors in the case had become aware that a certain witness' testimony as well as certain evidence used to obtain the First Superseding Indictment against Rodríguez-Reyes and other co defendant's was tainted as it was either false testimony or evidence obtained pursuant to a search warrant that was based on false information (d.e. 1010 in Cr. 06-299CCC). The United States also informed that as a result of learning about this information it went back, reinvestigated the case and found independent evidence that would allow it to charge petitioner and other co-defendants, without the use any of the tainted evidence or the perjured testimony.

The record reflects that the government presented the case anew before the grand jury based only on the new evidence obtained. A Second Superseding Indictment was issued on September 10, 2009 (d.e. 1060 in Cr. 06-299CCC). Rodríguez-Reyes was tried based on the charges of the Second Superseding Indictment which was obtained without the use of tainted evidence or perjured testimony.

Petitioner's allegation of prosecutorial misconduct relate solely to the First Superseding Indictment which the prosecutors dutifully disclosed, once they became aware, that it was in fact obtained by use of tainted evidence. Hence, the prosecutors remedied the situation by presenting a completely new Second Superseding Indictment without the use of the tainted evidence. "The dismissal of an indictment on the grounds of prosecutorial misconduct is an extraordinary sanction reserved for very limited and extreme circumstances." State v. Franco, 750 A.2d 415, 419 (R.I. 2000). Such a dismissal should be limited "to situations in which there has been flagrant prosecutorial misconduct accompanied by severe and incurable prejudice." Id. A "petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt." State v. Mollicone, 654 A.2d 311, 326 (R.I. 1995) (quoting United States v. Mechanik, 475 U.S. 66, 70 (1986)). Any error that might have occurred was cured by the filing of the Second Superseding Indictment[6] as well as Petitioner's criminal conviction.

There is no evidence on the record nor has Petitioner brought forth any, that the Second Superseding Indictment was tainted in any way with improperly

---

[6] See Fernandez-Malave v. United States, 502 F.Supp. 2d 234 (D.P.R. 2007).

obtained evidence or perjured testimony. The allegation of prosecutorial misconduct is unsupported by the record. Therefore, the claims of prosecutorial misconduct and appellate's counsel ineffectiveness for failure to raise said argument are **DENIED**.

The Court has reviewed all of Petitioner's allegations and has examined the complete record in this case and concludes that there was no ineffective assistance of either trial or appellate counsel.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Jerry O. Rodríguez-Reyes' § 2255 Petition Under Title 28 U.S.C. is hereby DISMISSED. Petitioner's request for an evidentiary hearing is **DENIED**.

SO ORDERED.

At San Juan, Puerto Rico, on August 4, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge